UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVELINO LOPEZ-FLOR,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>                    Respondents. | Case No.:  26-cv-677-JO-SBC<br><br>**MINUTE ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

Avelino Lopez-Flor, a citizen of Mexico, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention under *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) and as a violation of due process. *See* Dkt. 1.

1. Petitioner entered the United States in 2004 and has resided continuously in the country since that time. *Id.* ¶ 16. Over 21 years later, on or about January 26, 2026, Immigration and Customs Enforcement officers arrested Petitioner, and he has been detained without a bond hearing at the Otay Mesa Detention Center since. *Id.* ¶¶ 3, 17–18.

2. For the reasons stated in *Pacheco v. LaRose,* No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2-*3 (S.D. Cal. Jan. 29, 2026), the Court finds that 8 U.S.C. §§ 1252(g), (a)(5), and (b)(9) do not bar Petitioner's collateral challenge to the constitutionality and legality of his current detention.

3. Respondents concede that Petitioner is detained under § 1226 and thus entitled to a bond hearing under *Bautista*. *See* Dkt. 8.

4. While *Bautista's* declaratory relief entitles Petitioner to a bond hearing, Petitioner also raises a due process challenge, alleging that the government has detained him without an individualized determination of flight risk and danger to the public. Because Petitioner seeks additional relief beyond a bond hearing on these grounds, the Court examines whether a due process violation has occurred. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

5. Here, the Court finds that the government violated Petitioner's Fifth Amendment due process rights by depriving him of his freedom from physical confinement without an individualized determination of flight risk or danger to the public. *Mathews v. Elridge*, 424 U.S. 319, 321 (1976) (due process analysis considers (1) "the private interest that will be affected by the [government] action";

(2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional procedural safeguards"; and (3) "the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail."). In *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017), the Ninth Circuit recognized that a noncitizen's interest in freedom from physical confinement itself constitutes a core liberty interest protected by the Due Process Clause. The record contains no evidence that Petitioner has a criminal history, poses a danger to the community, or presents a flight risk, and the government has articulated no individualized justification for his continued detention. *See* 8 C.F.R. § 1236.1(c)(8). The absence of any individualized determination significantly risked erroneously depriving Petitioner of his liberty interest, and the government has offered no evidence that the burdens of providing such process would outweigh this substantial liberty interest. Therefore, the Court finds that Petitioner has been subjected to unconstitutional detention since his arrest on or about January 26, 2026 and orders his immediate release.

For the reasons stated above, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on February 18, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on February 19, 2026.

2. Because the government concedes that, pursuant to 8 U.S.C. § 1226, Petitioner is entitled to a bond hearing to justify detention during the pendency of his removal proceedings, the Court further ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing before an immigration judge to justify his detention. At any such hearing, the government must carry its burden of demonstrating, by clear and convincing evidence, that Petitioner poses a danger to the public or a flight risk that

warrants his detention. *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011). The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez*, 872 F.3d at 1000.

3. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

4. The February 17, 2026 hearing is VACATED.

**IT IS SO ORDERED.**

Dated: February 15, 2026

_____
Honorable Jinsook Ohta
United States District Judge